# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| REBECCA SHIRRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-42 SNLJ |
| ) | |
| ST. FRANCIS MEDICAL CENTER, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this action on March 4, 2013 against two defendants, her employer St. Francis Medical Center ("SFMC") and her supervisor Lisa Miller. Plaintiff alleges that defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Missouri Human Rights Act ("MHRA"). Defendants filed their answers and affirmative defenses on April 3, 2013. Plaintiff moved to strike certain of defendants' affirmative defenses on April 23, 2013 (#17). Defendants responded, but plaintiff has not filed a reply memorandum, and the time for doing so has now passed.

Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading...any...immaterial...matter...on motion made by a party." Because they propose a drastic remedy, motions to strike are not favored and are infrequently granted. *Stanbury Law Firm, P.A. v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000). As courts have observed in the past, "motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record-such as on a motion for

summary judgment." *Morgan v. Midwest Neurosurgeons, LLC*, 1:11-CV-37 CEJ, 2011 WL 2728334, *1 (E.D. Mo. July 12, 2011) (quoting *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D.Ill. 1991)); *see also Speraneo v. Zeus Tech., Inc.*, 4:12-CV-578-JAR, 2012 WL 2117872, *1 (E.D. Mo. June 11, 2012) (quoting same).

Resolution of a motion to strike lies within the broad discretion of the Court. *Stanbury Law Firm*, 221 F.3d at 1063. "In ruling on a motion to strike, the Court views the pleadings in the light most favorable to the pleader." *Speraneo*, 2012 WL 2117872, at *1 (citing *Cynergy Ergonomics, Inc. v. Ergonomic Partners*, Inc., 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008)). "A motion to strike an affirmative defense should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief.'" *Id.* (quoting *Cynergy Ergonomics*, 2008 WL 2817106, at *2, and citing *Federal Deposit Ins. Corp. v. Coble*, 720 F. Supp. 748, 750 (E.D. Mo.1989)). A motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues. *Cynergy Ergonomics*, 2008 WL 2817106, at *2. "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." *Id.*

Here, plaintiff moves to strike all but one of SFMC and Miller's defenses. Plaintiff seeks to strike the following of SFMC's affirmative defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over all claims in the Complaint which were not asserted by Plaintiff in a timely Charge of Discrimination with the Equal Employment Opportunity Commission or the Missouri Commission on Human Rights.

2

3. All or part of Plaintiff's claims are barred for failure to exhaust administrative remedies.

4. Plaintiff's claims are barred in whole or in part by the relevant statute of limitations.

5. Any action by Saint Francis toward Plaintiff has been for lawful, legitimate, nondiscriminatory business reasons unrelated to Plaintiff's religion or alleged protected activity.

6. At all times relevant hereto, Saint Francis acted in good faith with regard to Plaintiff, had reasonable grounds for believing its actions were not in violation of Title VII, the Missouri Human Rights Act, or any anti-discrimination laws, and Saint Francis would have made the same decisions regardless of Plaintiff's religion or alleged protected activity.

7. Saint Francis exercised reasonable care to prevent and correct promptly any alleged harassment in the workplace.

8. Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Saint Francis or to avoid harm otherwise.

9. Plaintiff's damages, if any, must be offset for failing to be available for work, by failing to actively and earnestly search for work, by foregoing wages and benefits which could have been earned with reasonable diligence, and/or her successful mitigation by obtaining other employment for which she earned income and received other benefits.

10. Plaintiff cannot allege or establish sufficient facts to permit or entitle Plaintiff to recover punitive damages and any award of punitive damages would violate Saint Francis' rights under the United States Constitution, including without limitation, the Due Process Clause, the Takings Clause and/or the Equal Protection Clause.

11. Plaintiff's allegations and prayer for punitive damages are subject to the limitations imposed by Mo. Rev. Stat. 510.265.

12. Saint Francis asserts its rights and requests a bifurcated trial with respect to Plaintiff's allegations and prayer for punitive damages, pursuant to Mo. Rev. Stat. 510.263.

14. The Court lacks jurisdiction over Plaintiff's claims under the Missouri Human Rights Act inasmuch as Saint Francis is not an employer within the meaning of the Missouri Human Rights Act.

15. Saint Francis reserves the right to amend its answers and to add additional defenses as Plaintiff's claims are more fully disclosed in the course of this litigation.

Defendant Miller's thirteen affirmative defenses are substantially similar to SFMC's, thus the Court will not recite them here.

Here, it cannot be said that the defendants' affirmative defenses could not succeed under any circumstances, nor are the defenses properly labeled as immaterial or non-essential. Finally, plaintiff has failed to establish that the inclusion of the affirmative defenses would prejudice or confuse the issues in any way. As a result, the motion to strike will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Strike (#14) is **DENIED**.

Dated this  9th  day of July, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE