UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| REBECCA SHIRRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-42 SNLJ |
| ) | |
| ST. FRANCIS MEDICAL CENTER, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff alleges that the two defendants, her employer St. Francis Medical Center ("SFMC") and her supervisor Lisa Miller, violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Missouri Human Rights Act ("MHRA"). Defendant SFMC has filed a motion to compel (#24), plaintiff has responded with a memorandum in opposition, and defendant has not filed a reply. The time for doing so has passed, and the motion is now ripe for disposition.

I. **Factual Background**

Plaintiff was employed as a nurse at SFMC. She alleges that defendants discriminated against her and discharged her because of her religion and/or in retaliation for complaining about alleged discrimination. Specifically, plaintiff says she was fired on June 6, 2012 because she is Jewish.

Defendant SFMC served interrogatories and a request for production of documents on plaintiff seeking information about her employment since her termination from SFMC. Plaintiff has worked as a nurse at St. Louis University Hospital from August 20 through November 13,

2012 and then at Missouri Delta Medical Center from February 12, 2013 to the present.

Defendant requests that plaintiff sign a release that calls on her recent employers to produce

> any and all information you have concerning my employment at any time... and all office records, notations and other written memoranda with respect to my employment or application for employment (including but not limited to personnel files, job applications, payroll records, W-2 information, dates of employment, attendance records, job performance records, salary and benefit information and medical information kept by you).... This authorization expressly authorizes you to release any medical information relating to me.

Plaintiff objected to the request "as calling for plaintiff to undertake obligations other than those required by the Rules. Plaintiff further objects to this request as not reasonably calculated to lead to the discovery of admissible information." The parties attempted to resolve this dispute on their own but are at an impasse. Defendant filed the instant motion to compel plaintiff to authorize the release of employment information from her two recent employers.

## II.  Discussion

Under Federal Rule of Civil Procedure Rule 26(b)(1), parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party." *Trickey v. Kaman Indus. Technologies Corp.*, 1:09CV26 SNLJ, 2010 WL 3892228, *2 (E.D. Mo. Sept. 29, 2010) (quoting *Breon v. Coca–Cola Bottling Co. of New England*, 232 F.R.D. 49, 52 (D. Conn. 2005)) (original emphasis) (internal quotation omitted). Even if relevant, however, "discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." *Miscellaneous Docket Matter No. 1 v.*

*Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir.1990)).

Defendant contends it is entitled to plaintiff's recent employment records because they are relevant to show the type of position plaintiff obtained (e.g., parttime, fulltime, or other), whether plaintiff left her position at St. Louis University Hospital voluntarily or involuntarily, whether plaintiff received benefits, whether plaintiff otherwise incurred a willful loss of earnings, plaintiff's job performance, and any disciplinary actions against plaintiff. Defendant says that those matters go to plaintiff's duty to mitigate and to whether plaintiff has ever been disciplined or terminated from employment for performance or other reasons.

This Court has been willing to compel the release of subsequent employment records in other employment discrimination cases. *See Wolfe v. Gallagher Bassett Services, Inc.*, No. 4:11-CV-01610-ERW, 2012 WL 1357751 (E.D. Mo. April 19, 2012), and *Carlisle v. O'Fallon*, No. 4:06-CV-00643, 2007 WL 295304 (E.D. Mo. Jan. 29, 2007). The court in *Wolfe* held "Plaintiff's full employment records are likely to lead to the discovery of admissible evidence regarding Plaintiff's credibility and Defendant's defenses." *Wolfe*, 2007 WL 1357751 at *2. There, however, the defendant asserted an after-acquired evidence defense. *Id.* Here, defendant did not assert such a defense.

In *Carlisle*, the court limited defendant's request for production of the plaintiff's full subsequent employment records. The court held defendant was entitled to some but not all documents in possession of plaintiff's current employer, including documents regarding wages, plaintiff's employment application, plaintiff's position, job performance, and disciplinary action. The Court held that the release requested by defendant went beyond those areas and "could possibly jeopardize Plaintiff's current employment." 2007 WL 295304, at *1.

3

The Court agrees that defendant is entitled to documents pertaining to plaintiff's duty to mitigate, thus financial information regarding plaintiff's subsequent employment is relevant and discoverable. But with respect to documents related to other areas of plaintiff's subsequent employment (such as job applications, performance evaluations, and the like), the Court must strike a careful balance. Although the discovery rules do not provide license for a fishing expedition, the Court is mindful that "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Other courts and judges have permitted such discovery into discrimination plaintiffs' subsequent employment. *Wolfe*, 2007 WL 1357751, at *2; *Carlisle*, 2007 WL 295304, at *1; *E.E.O.C. v. Woodmen of World Life Ins. Soc.*, 8:03CV165, 2007 WL 649298 (D. Neb. Feb. 1, 2007); *Schaadt v. St. Jude Medical S.C., Inc.*, No. CIV. 05-1167 RHK/JSM, 2006 WL 7090866, *9 (D. Minn. Apr. 4, 2006); *Walker v. Northwest Airlines Corp.*, No. Civ. 00–2604, 2002 WL 32539635 (D. Minn. Oct. 28, 2002). The *Walker* court, for example, observed that "types of employment information such as disciplinary records, resumes, and applications may not be admissible at trial, but are reasonably calculated to lead to admissible evidence." 2002 WL 32539635, at *2.

Here, defendant seeks documents that primarily go to plaintiff's performance in her two most recent positions. However, in this case, neither plaintiff nor defendant has put plaintiff's performance at issue. Plaintiff's complaint does not address her job performance — rather, she describes only the alleged discriminatory remarks and retaliation. Defendant's answer states only that it had a "lawful, legitimate, non-discriminatory business reasons" for taking the actions it took.

Defendant has therefore not shown that the discovery it seeks regarding plaintiff's performance at jobs after SFMC terminated her employment is relevant to claims or defenses or even to the subject matter of the action. Although the Court recognizes that the scope of discovery is meant to be broad, the Federal Rules of Civil Procedure Advisory Committee has made clear that, "[w]hen judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action." Fed. R. Civ. P. 26 advisory committee's note to 2000 Amendments, subdivision b. Here, defendant's request that plaintiff release all information from her recent employers' personnel files is overly broad. Plaintiff will be compelled to release her records regarding the type of position plaintiff obtained (whether it was PRN, part-time, or full-time) and pay and benefits information.

Accordingly,

**IT IS HEREBY ORDERED** that defendant St. Francis Medical Center's motion to compel (#24) is **GRANTED in part** and **DENIED in part**, as provided herein.

Dated this __26th__ day of August, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE